"White, J.
The plaintiff in error, Bassett, who was likewise plaintiff below, brought his suit, as second indorsee, against the makers of the notes in controversy, to recover the amounts due thereon.
The matters of error, upon which the plaintiff relies for the reversal of the judgment in favor of the defendants, arise out of the rulings of the court on the trial in relation to charging the first indorsee, Barrett, who was the plaintiff’s immediate indorser, with notice of the defenses set up to the notes by the makers. In order to establish this notice the defendants were permitted to give in evidence a communication which they claimed to have made to Starr prior to the purchase of the notes by Barrett. The giving effect to this information was not made to depend upon whether it was communicated to Barrett. Indeed, Barrett was prohibited from showing that the communication from the defendants, as reported to him by Starr, was “ that the notes were all right and would be promptly paid by the defendants.” There was no pretense, on the part of the defendants, that the information, which they claimed to have given to Starr, .came to the knowledge of Barrett. The ground upon which the declarations of the defendants, offered in their own behalf, were held admissible, and effect given to them to charge Barrett with notice, was that Starr was his agent. The only proof of this agency, and the only evidence of notice to Barrett, beside the alleged communication to Starr, consisted of the testimony of Barrett, that he was in the habit of purchasing notes; that Jefferson came to him to sell the notes, when he (Barrett) was sick; that he was willing to purchase the notes if they were all right, and, 1 eing sick, he sent Starr, a neighbor, to see the defendants, and ascertain whether every thing was right concerning the notes, as he did not wish to buy a lawsuit or have any trouble; that after Starr’s return he bought the notes, in good faith, before due, for a full and adequate consideration, believing that every thing was all right, without any knowledge, • notice or suspicion of any fraud, failure of consideration, or of any other defense whatever.
*308 Before the defendants would be authorized to treat their declarations to Starr, as charging Barrett, on the ground of agency, it should appear that the latter derived some right through -the alleged agency, or, at least, that such agent was employed, at the time, in the discharge of a duty which his principal was bound, toward the defendants, to perform. Barrett did not derive title to the notes through Starr, in any respect, but through the payee alone. What was said to Starr could not affect Barrett if the latter was not otherwise chargeable, either with notice, or with the duty of making inquiry, as to the consideration of the notes. If he was not thus otherwise chargeable, the declarations in question had no tendency to make him so. They were irrelevant to the matter in issue; and their admission as evidence was calculated to mislead the jury in ascertaining the fact they were required to determine. If such circumstances of suspicion had been shown to exist as ought to have put Barrett upon inquiry before purchasing, he would be presumed to have either made the inquiry and ascertained the truth, or to have been guilty of a degree of negligence equally fatal to his claim' to be considered a bona fide purchaser. Williamson v. Brown, 15 N. Y. R. 354. If for the purpose of repelling this presumption, and showing that he had exercised due diligence, on his part, he had relied upon his efforts to ascertain the truth, through Starr, in regard to the validity of the notes, a different question would, have arisen.
The mere fact that Barrett, under the circumstances stated in the bill of exceptions, sent to have inquiry made of the defendants respecting the notes, does not show that it was his legal duty to have made application to them before purchasing. And if, in adopting the means he did to get information, he was doing an unnecessary and gratuitous act, he can only be charged with the information he actually acquired.
The same view of the law that governed the court in admitting, in evidence, the objectionable declarations, was observed by it, in refusing to give the charge to the jury asked *309 by the plaintiff’s counsel, and likewise in the charge as actually given. We are of opinion, therefore, that the rulings of the court, in the matters referred to, were erroneous, and that the plaintiff was thereby prejudiced.
II. There is another position assumed, and argued by the counsel of the defendants, which, if well taken, would render the foregoing errors immaterial.
It is claimed that although the notes may have been held by Barrett discharged of the alleged infirmity, yet, that the defenses are available against the plaintiff if he purchased with notice. The verdict and judgment having been for the defendants, it will be presumed that the plaintiff was found to have been affected with notice; otherwise, judgment should have been in his favor, notwithstanding Barrett may have had notice. But the proposition contended for is not tenable. In regard to the authorities cited and examined by counsel, we only deem it necessary to state that, in our opinion, they do not warrant the conclusion which he seeks to have drawn from them.
The reason why notice lets in a defense, in cases in which, without notice, it could not be set up, is the bad faith involved in the purchase. But if a party holds a negotiable instrument discharged of defenses which may have existed between the antecedent parties, no reason is perceived why his right of sale should be any more restricted than' his right to collect. The liability of the maker is then fixed. It is not Increased by a subsequent sale or gift of the note to another; and it would be inconsistent that the law should recognize a perfect title in a party, and yet limit his power of disposition in the manner claimed.
Nor do we perceive the principle upon which a knowledge of the prior infirmity can be made the ground of imputing bad faith to a purchaser in no way responsible for the wrong in obtaining the paper, or putting it in circulation. Notwithstanding its former invalidity he knows that it has now become valid. Payment alone, by the maker, will discharge *310 it, and, to Mm, it must be a matter of indifference, -whether it be made to the holder or his indorsee.
Judgment reversed and cause remanded to the court of common pleas for further proceedings.
Brinkerhoee, O.J., and Scott, Day, and Welch, JJ., concurred.